**TRI-STATE CORPORATION, INC., et al., Appellants,**

v.

**The STATE OF ALABAMA et al., Appellees.**

**The STATE OF ALABAMA et al., Appellants,**

v.

**TRI-STATE CORPORATION, INC., et al., Appellees.**

**No. 23187.**

United States Court of Appeals Fifth Circuit.

Jan. 3, 1967.

Harry H. Riddick, Robert P. Denniston, Mobile, Ala., Hamilton, Denniston, Butler & Riddick, Mobile, Ala., of counsel, for Tri-State Corp. and others.

Robert B. Albritton, Andalusia, Ala., Robert P. Bradley, Asst. Atty. Gen., of Ala., Montgomery, Ala., Nicholas S. Hare, Monroeville, Ala., Albrittons & Rankin, Andalusia, Ala., Gallion & Hare, Montgomery, Ala., of counsel, Robert B. Albritton, Andalusia, Ala., MacDonald Gallion, Montgomery, Ala., for State of Alabama.

Richmond M. Flowers, Atty. Gen. of Alabama, Robert P. Bradley, Asst. Atty. Gen., of Alabama, William G. O'Rear, Asst. Atty. Gen., of Alabama, Montgomery, Ala., for State of Alabama, ex rel. Richmond M. Flowers, as Attorney General.

Joseph D. Phelps, Richard C. Belser, Montgomery, Ala., Hill, Robison & Belser, of counsel, Montgomery, Ala., for Phelps and Belser.

Rodney R. Steele, Asst. U. S. Atty., Montgomery, Ala., Ben Hardeman, U. S. Atty., Amicus Curiae.

Before TUTTLE, Chief Judge, THORNBERRY and GOLDBERG, Circuit Judges.

PER CURIAM: .

This is the second appearance of this case here. The original judgment appealed from was entitled State of Alabama ex rel. Flowers v. Kelley in the Middle District of Alabama, 1963, and the opinion of the trial court will be found at 214 F.Supp. 745.

In our earlier decision we said, "Subject to further proceedings in the district court, in accordance with that court's retention of jurisdiction for the purpose of judgment is affirmed." See 339 F.2d determining any equities between the parties not previously determined, the 261, 5 Cir.

Upon remand, the trial court made further disposition of the funds that had been paid into court, seeking to make a proper equitable distribution of such funds, as contemplated by the earlier opinion of this court. We conclude that it was not error for the district court to enter its order dated February 19, 1965, wherein it modified its earlier judgment in order to arrive at an equitable disposition of the case. We further conclude that the court did not err in not requiring the state of Alabama to make a further payment of $25,000, since we conclude that the trial court properly took account of the said sum of $25,000 in its disposition of the funds before it.

The other issues are issues of fact, as to which we find the judgment of the trial court was not clearly erroneous.

The judgment on the main appeal is, therefore, Affirmed.

The judgment on the cross appeal by the State is also Affirmed.

The Governor of the State of Alabama, as an independent party, seeks to appeal from that part of the judgment of the trial court allowing compensation to certain specially employed counsel. We conclude that the Governor, being only a nominal party in the litigation, and not being an aggrieved person as to the trial court's judgment, has no ground of appeal from the trial court's judgment with respect to this attorney's fee. The separate appeal of George C. Wallace, as Governor, is, therefore, dismissed.